FILED

AUG 18 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiffs *in Propria Persona*
Judiciary Act of 1789 § 35

# district court of the United States[1]
## District of Columbia

Rene Hinojosa, and Deanna Hinojosa
P.O. Box 756
Rio Hondo, Texas 78583

Case N°:

    Plaintiffs *in Propria Persona*

    v.

DEPARTMENT OF TREASURY; and
INTERNAL REVENUE SERVICE,

    Respondents.

Complaint/Request for Declaratory Judgment /
Application for Writ of Mandamus

CASE NUMBER  1:05CV01658

JUDGE: John D. Bates

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 08/██/2005

    COME NOW Rene Hinojosa, and Deanna Hinojosa, Plaintiffs *in Propria Persona*, each in his/her own right, Judiciary Act of 1789 § 35, Faretta v. California, 422 US 809, and with Assistance of Counsel, Id., AMENDMENT VI, UNITED STATES CONSTITUTION, Faretta v. California, *supra*, at 819-820 note 15, and the INTERNATIONAL COVENANT ON CIVIL AND POLITICAL RIGHTS, implemented by EXECUTIVE ORDER 13107 on December 10, 1998, 63 Federal Register 240, pp 68991-68993 and for his cause(s) of action, avers:

I.     PARTIES

    A.     We, Rene Hinojosa, and Deanna Hinojosa, Plaintiffs *in Propria Persona*, are Private Citizens of Texas, a Republic, "State in this Union," as established in ART. IV § 4 UNITED STATES CONSTITUTION, domiciled at the address shown above.

    B.     Respondents are, in the case of DEPARTMENT OF TREASURY, an executive department of the United States of America, 31 USC § 301, 5 USC § 101; and, in the case of INTERNAL REVENUE SERVICE, a component agency of said

---

[1] As designated in The Freedom of Information Act, 5 USC § 552(a)(4)(B).

executive department.

II. JURISDICTION

A. This action is brought pursuant to the FREEDOM OF INFORMATION ACT, Pub. L. 89-554, Sept. 6, 1966, 80 Stat. 383; 5 USC § 552(a)(4)(B); the PRIVACY ACT, Pub. L. 93-579, 5 USC § 552a(g)(1)(A), (B), (C), and (D); and the FEDERAL RECORDS ACT, Pub. L. 90-620 § 1, 82 STAT 1297, 44 USC §§ 3101, *et seq.*

B. We, Rene Hinojosa, and Deanna Hinojosa, Plaintiffs *in Propria Persona*, have been denied an effective administrative remedy, and have otherwise exhausted same.

C. The district court of the United States has jurisdiction pursuant to the FREEDOM OF INFORMATION ACT, 5 USC 552(a)(4)(B); the PRIVACY ACT, 5 USC § 552a(g)(5); and — for final agency actions for which there is no other adequate remedy in a court, and to compel agency action unlawfully withheld or unreasonably denied — pursuant to the ADMINISTRATIVE PROCEDURE ACT, June 11, 1946, ch 324, 60 Stat 237, as amended; 5 USC §§ 704, and 706(1), respectively.

D. The Court further has federal question jurisdiction with respect to federal record-keeping matters pursuant to 28 USC § 1331; jurisdiction of action in the nature of mandamus to compel performance of a duty by an officer or employee of an agency of the United States, pursuant to P. L. 87-748, § 1(a), 76 Stat. 744, 28 USC § 1361, and under the ALL WRITS ACT, 28 USC § 1651[2].

E. Venue is proper in the District of Columbia, the Seat of Government, (4 USC § 71, 72, 73).

III. FACTUAL BACKGROUND

A. RESPONDENTS FLOUT RECORDS ACCESS LAWS

1. We, Rene Hinojosa, and Deanna Hinojosa, were prompted by agency activity to file a request for records pursuant to the FREEDOM OF INFORMATION ACT, Pub. L. 89-554, Sept. 6, 1966, 80 Stat. 383, 5 USC §

---

[2] 28 USCS § 1651 was enacted to meet cases where there was no specific process provided by statute, John Gund Brewing Co. v United States (1913, CA8 ND) 204 F 17, *mod* (CA8 ND) 206 F 386, and is necessary because federal courts, being courts of limited jurisdiction, would not otherwise possess tools necessary to implement their jurisdictional grants. ITT Community Development Corp. v Barton (1978, CA5 Fla) 569 F2d 1351.

552, listing:

    a)     specific records to be provided pursuant to the above ACTS of Congress, and

    b)     the Systems of Records in which such records were presumed to be.

2. Respondent Department of Treasury and its component Internal Revenue Service acknowledged receipt of each such request, and communicated its intent to refuse to produce the requested records on the basis that, "Your request did not meet the requirements as checked on the attached Form of Request Outline."

All requirements were met.

3. We, Rene Hinojosa, and Deanna Hinojosa, repeated our records request, and were again denied access to the records.

IV.    COUNT ONE:      FREEDOM OF INFORMATION ACT

Internal Revenue Service, a component of Department of Treasury, failed to, in the language of the FREEDOM OF INFORMATION ACT, "notify the person making such request of such determination and the (true) reasons [for denial] *and the right of such person to appeal to the head of the agency any adverse determination…*". Id. (emphasis added).

Respondents must, as a matter of law, 5 USC § 552(a)(4)(B), be enjoined to produce the requested records. Respondents should, as a matter of fundamental fairness, and as a deterrent to non-compliant behavior, be ordered to pay reasonable litigation costs, 5 USC § 552(a)(4)(E), and, for the same reasons, should be held liable for damages, and costs of the action.

WHEREFORE, We, Rene Hinojosa, and Deanna Hinojosa, respectfully demand relief in the following form:

I.    Declaratory Judgment in the following particulars:

    A.     that We, Rene Hinojosa, and Deanna Hinojosa, are entitled to the due process of law — known as the FREEDOM OF INFORMATION ACT — secured in Amendment V, UNITED STATES CONSTITUTION, as such law was mandated by Congress;

    B.     That Respondents have acted arbitrarily or capriciously with respect to

withholding the requested records. <u>5 USC § 552(a)(4)</u>.

And further,

C. That Writ of Mandamus issue, to compel Respondents to
  1. to produce the requested records, 5 USC § 552(a)(4)(B);
  2. to pay reasonable litigation costs. <u>5 USC § 552(a)(4)(E)</u>.

Respectfully entered this 15th day of August, 2005.

*[signature]*
Rene Hinojosa,

*[signature]*
Deanna Hinojosa,